**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| **NOVA WILDCAT ASHLAND, LLC** )<br>**d/b/a ASHLAND, LLC,** )<br>        )<br>    **Plaintiff,** )<br>        )<br>**v.**     )<br>        )<br>**TRUTH HARDWARE CORPORATION,** )<br>        )<br>    **Defendant.** ) | Civil Action No. 3:11-cv-525-RJC-DCK |

**AGREED PROTECTIVE ORDER**

The issues in this case involve in part past, current, and prospective confidential technical, financial, sales, marketing, product, consumer and cost information, confidential and proprietary internal business, strategy, strategic planning, or tactical information. Thus, good cause appearing, it is hereby ORDERED as follows:

1. **Scope of Order**. This Stipulated Protective Order (the "Protective Order") governs the use and handling of documents, electronic information in any form (including embedded data and metadata), testimony, interrogatory responses and other information, including all copies, excerpts and summaries thereof (collectively, the "Material") produced or given by any defendant, plaintiff, or other individual or entity in pretrial proceedings in this Litigation (the "Producing Party"). Confidential Material produced in this Litigation shall be used only for the purpose of this Litigation, and not for any other business, competitive, personal, private, public, or other purpose whatsoever.

2. **Designation of Confidential Material**. The Producing Party may designate as "Confidential" any Material that it produces in this Litigation which contains confidential non-public engineering, design, research, development, financial, customer, commercial, internal

strategy, or strategy planning information; or other information for which a good faith claim of need of protection from disclosure can be made under the Federal Rules of Civil Procedure and/or other applicable law ("Confidential Material"). The designations will be made by an attorney, and will be designated in conformance with Paragraph 10 of this Protective Order.

3. **Designation of Highly Confidential Material**. The Producing Party may designate as "Highly Confidential" any Confidential Material that contains past, current, or prospective: highly sensitive and non-public engineering, design, research, development, financial, strategic planning, commercial planning, pricing, customer, profit or cost information, information covered by federal or state privacy laws, trade secrets, communications regarding any Highly Confidential Material, or any other highly sensitive information of significance ("Highly Confidential Material"). The designations will be made by an attorney, and will be designated in conformance with Paragraph 10 of this Protective Order.

4. **Persons Who May Access Confidential Material**. Except as provided in Paragraph 9, absent written consent from the Producing Party or unless otherwise directed by the Court, Confidential Material may be disclosed only to the following persons:

(a) Up to three designated employees, plus one designated IT employee, of each Party to this lawsuit who are actively involved in assisting with the prosecution or defense of this Litigation.

(b) Outside counsel of record for the Parties in this Litigation;

(c) Independent outside experts or consultants who are not regular employees of a Party but are retained on behalf of any of the Parties by their outside counsel of record to assist in this Litigation (once the requirements of paragraph 6(c) are satisfied);

(d) Outside photocopying, graphic production services, litigation support services personnel, and jury consulting personnel employed by the Parties' outside counsel of record to assist in this Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

(e) The Court, court reporters, videographers, stenographers, and court personnel;

(f) Personnel of third party vendors engaged by a party or by outside counsel for a party to assist in (i) the coding, imaging, or other management of documents produced in discovery in this litigation; (ii) the preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial; or (iii) jury research and analysis, provided that such personnel of third party vendors shall not be employees of a party; and

(g) The author, recipient (actual or reasonably believed) or Producing Party of such Confidential Material.

5. **Persons Who May Access Highly Confidential Information**. Except as provided in Paragraph 9, absent written consent form the Producing Party or unless otherwise directed by the Court, Highly Confidential Material may be disclosed only to the following persons:

(a) Outside counsel of record for the Parties;

(b) Independent outside experts or consultants who are not regular employees of a Party but are retained on behalf of any of the Parties by their outside counsel of record to assist in this Litigation (once the requirements of paragraph 6(c) are satisfied);

(c) Outside photocopying, graphic production services, litigation support services personnel, and jury consulting personnel employed by the Parties' outside counsel of record to assist in this Litigation, and computer service personnel performing duties in relation to a computerized litigation system; and

(d) The Court, court reporters, videographers, stenographers, and court personnel;

(e) Personnel of third party vendors engaged by a party or by outside counsel for a party to assist in (i) the coding, imaging, or other management of documents produced in discovery in this litigation; (ii) the preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial; or (iii) jury research and analysis, provided that such personnel of third party vendors shall not be employees of a party; and

(f) The author, recipient (actual or reasonably believed) or Producing Party of such Highly Confidential Material.

6. **Application of this Protective Order to Persons with Access to Confidential or Highly Confidential Material**. Each person given access to Confidential Material or Highly Confidential Material shall be advised that the Confidential Material or Highly Confidential Material is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed or used other than as set forth in this Protective Order.

(a) Before any person described above in Paragraphs 4(a), 4(c), or 5(b) is given access to Confidential Material or Highly Confidential Material, that person must read and agree in writing, by signing an acknowledgment in the form attached hereto as Exhibit 1, to be bound by the provisions of this Protective Order.

(b) Before any other person described in Paragraphs 4(a), 4(b), 4(c), 5(a) or 5(b) is shown any Confidential Material or Highly Confidential Material, that person must be shown a copy of this Protective Order and instructed that he or she is bound by its provisions.

(c) At least five (5) business days before any person described in Paragraph 4(c) or 5(b) is given access to Confidential Material or Highly Confidential Material, the Party seeking to give such access to such a person shall deliver to all other Parties a copy of the signed acknowledgment (Exhibit 1) and a résumé, curriculum vitae or a description setting forth the person's (1) name, (2) residence and office addresses, (3) present employer, job title and job description, (4) any consulting activities within the last five years, (5) any relationship to the Parties in this action, and (6) a brief job history for the past five years. If a Party has a good faith basis for believing it would be harmed by the proposed disclosure, the Party shall be entitled to object to such disclosure within five (5) business days of receipt of the information called for in this Paragraph. Objections must be made in writing and state with particularity the basis for the objection. In the event of such an objection to disclosure of Confidential Material or Highly Confidential Material, the Parties shall meet and confer within three (3) business days to attempt to resolve the concerns giving rise to the objection. If the Parties are unable to reach an agreement regarding such disclosure, the Party objecting to disclosure may, within ten (10) business days of the objection, request the Court to issue an order barring such disclosure; if the Party objecting to disclosure fails to request the Court to issue an order barring such disclosure within the specified

time, the objecting Party waives its rights to object to that disclosure. The objecting Party shall have the burden of showing why that person should not have access to Confidential Material or Highly Confidential Material. Pending resolution of any such motion or application, no disclosure of Confidential Material or Highly Confidential Material shall be made to that person. The filing and pendency of such motion shall not limit, delay or defer any disclosures of Confidential Material or Highly Confidential Material to persons as to whom no such objection has been made.

7. **Designation of Highly-Confidential – Prosecution Bar Material**.

The Parties may designate as "Highly Confidential – Prosecution Bar Material" any Highly Confidential Material that is technical information relating to uncommercialized products and that the Producing Party believes in good faith is a trade secret that should be subject to the patent prosecution bar set forth in Paragraph 8 ("Highly Confidential – Prosecution Bar Material"). The designations will be made by an attorney, and will be designated in conformance with Paragraph 10 of this Protective Order.

8. **Individuals Involved in Patent Prosecution**. Notwithstanding any other provisions of this Protective Order, any individual who reviews Highly Confidential – Prosecution Bar Material shall be prohibited thereafter from being directly involved in preparing or prosecuting patent applications, including not limited to, claim drafting, where the claims are written to cover or distinguish, in whole or in part, the technical information that was reviewed by that individual and was designated as Highly Confidential – Prosecution Bar Material, during the pendency of this Litigation and for a period of one year after final termination of this Litigation (including resolution of any appeals arising out of this Litigation), or until the

designated material ceases to be maintained as a trade secret by the Producing Party. This prohibition shall not be imputed to partners, associates, or other colleagues of such individual who did not review the Highly Confidential – Prosecution Bar Material. For the avoidance of doubt, this prohibition shall not prohibit individuals from being involved in litigation, or from being involved in any reexamination or post-issuance review proceedings involving the patent-in-suit, or any patent in the same family as the patent-in-suit.

9. **Filing Documents Containing Confidential or Highly Confidential Material**. In the event a Party wishes to use any Confidential Material or Highly Confidential Material, or any papers containing or making reference to the contents of such material or information, in any pleading or documents filed with the Court in this Litigation, such pleading or document and Confidential Material or Highly Confidential Material shall be filed under seal pursuant to the Court's Sealed and Restricted Documents filing procedures without the need to file a formal motion to seal or supporting brief under Local Rule 6.1(C) and without further order of the Court. The sealed material, information or papers shall plainly state on the first page of each document or exhibit "CONFIDENTIAL – FILED UNDER SEAL."

10. **Production of Documents and Other Material Containing Confidential or Highly Confidential Material**. The designation of Confidential Material or Highly Confidential Material for the purposes of this Protective Order shall be made in the following manner:

   (a) In the case of documents and written discovery responses, by affixing the legend "Confidential – Subject to Protective Order" to each page containing any Confidential Material, "Highly Confidential – Subject to Protective Order" to each page containing any Highly Confidential Material, and "Highly Confidential

– Prosecution Bar Material – Subject to Protective Order" to each page containing any Highly Confidential – Prosecution Bar Material.

(b) In the case of electronically stored information ("ESI"), by designating the ESI as Confidential Material, Highly Confidential Material, or Highly Confidential – Prosecution Bar Material in a cover letter accompanying the production of the ESI. Where feasible, counsel for the Producing Party will also mark the media on which the ESI is produced with the appropriate designation. If a Party reduced Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar ESI to hardcopy form, it shall make the hardcopy with the appropriate designation. Whenever any Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar ESI is copied, all copies shall be marked with the appropriate designation.

(c) To the extent that Confidential Material, as embodied in Material, is used in depositions, such Confidential Information shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony referring to the Confidential Material. Additionally, the parties may, within 30 calendar days of receipt of the final transcript of a deposition, designate documents, things, materials or information disclosed in that deposition as either "Confidential" or "Highly Confidential" as the nature of the information involved requires. Absent agreement of the parties to the contrary, until the expiration of such period, all documents, things, materials or information in a deposition shall be treated as "Highly Confidential." If any party designates testimony to be given at a deposition "Confidential" or "Highly Confidential" during the deposition, all

persons not qualified to receive such information shall leave the deposition for that portion of the testimony. All videotapes of depositions shall be clearly labeled Confidential or Highly Confidential, as appropriate pursuant to this Protective Order.

(d) To the extent that a person described in Paragraph 4 or 5 creates, develops, establishes, or otherwise maintains, on any computer or other device, any information, files, databases or programs that contain Confidential Material, Highly Confidential Material, or Highly Confidential – Prosecution Bar Material, such person shall take all necessary steps to ensure that access to any Confidential Material, Highly Confidential Material, or Highly Confidential – Prosecution Bar Material is restricted to those person who, by the terms of this Protective Order, are allowed access to the Material.

(e) The inadvertent failure to stamp a document as Confidential or Highly Confidential shall not be deemed a waiver of a claim of confidentiality. The Producing Party shall give written notice to the Party receiving the Material (the "Receiving Party") within 10 business days after the omission is discovered, and the Receiving Party shall then treat these materials as Confidential Material or Highly Confidential Material in accordance with this Protective Order. At such time, arrangements shall be made for the Producing Party to appropriately mark such Material in accordance with this Order, and any Receiving Party will retrieve such Material from persons under the Receiving Party's control that have received such Material but are no longer authorized to possess them. The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure of

information contained in Material not bearing a confidentiality legend occurring before the Receiving Party was placed on notice of the Producing Party's claims of confidentiality. The inadvertent failure to stamp a document as Highly Confidential – Prosecution Bar Material shall not be deemed a waiver of a claim of confidentiality, but shall be deemed a waiver of the application of the patent prosecution bar set forth in Paragraph 8.

11. **Use of Confidential or Highly Confidential Material at Depositions**. Confidential Material, Highly Confidential Material, or Highly Confidential – Prosecution Bar Material may be used to examine fact witnesses who are currently employed by the Producing Party or an affiliate of the Producing Party, who were employed by the Producing Party or an affiliate of the Producing Party at the time the Material was created, or who created or received the Material. For the avoidance of doubt, a witness designated under Fed. R. Civ. P. 30(b)(6) shall be deemed qualified for examination on such Material. Counsel for any Party wishing to use Confidential Material, Highly Confidential Material, or Highly Confidential – Prosecution Bar Material to examine fact witnesses who are not currently employed by the Producing Party or an affiliate of the Producing Party, who were not employed by the Producing Party or an affiliate of the Producing Party at the time that Material was created, or who did not create or receive the Material, shall deliver a copy of such Material to outside counsel of record for the Producing Party and disclose the wish to use such document at least three (3) business days prior to the start of the deposition. If the Producing Party objects to the use of the Material at least one (1) business day prior to the deposition, the document may not be introduced, and its contents not disclosed, without leave of Court. A Party seeking to use its own Highly Confidential –

Prosecution Bar Material in a deposition shall provide the other Party with notice at least one (1) business day prior to the start of the deposition.

12. **Use of Confidential or Highly Confidential Material at Trial or Hearing**. The restrictions, if any, that will govern the use of Confidential Material, Highly Confidential Material, or Highly Confidential – Prosecution Bar Material at trial or hearings will be determined at a later date by the Court, in consultation with the Parties if necessary.

13. **Previously Obtained Material**. Nothing in this Protective Order shall preclude any Party to this Protective Order or its attorneys from showing a document designated as Confidential Material, Highly Confidential Material, or Highly Confidential – Prosecution Bar Material to an individual who prepared, authored, received, or reviewed the Material prior to the filing of this Litigation.

14. **No Waiver of Privilege**. If information subject to a claim of attorney-client privilege, work product protection, or any other privilege or immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product protection or other grounds for withholding production to which any Producing Party would otherwise be entitled. Any inadvertently produced privileged materials shall be returned to the Producing Party within ten (10) calendar days of the Receiving Party's discovering the inadvertent disclosure or within ten (10) calendar days of the Receiving Party's receiving written notice from the Producing Party of the inadvertent disclosure, whichever is earlier, and all copies destroyed.

15. **Removal of Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar Designation**. Any Party may object to the designation of Material as Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar by giving written

notice to the Producing Party that it objects to the designation. Such notice shall specifically identify the Material at issue and state the reasons for questioning the confidentiality designation. The Objecting and Producing Party shall confer in good faith to resolve any such dispute. If the Parties are unable to resolve the dispute, the Objecting Party may apply to the Court for a ruling that the Material is not appropriately designated, giving notice to the Producing Party. If such a motion is made, the Producing Party will have the burden to establish that the designation is proper. Until the Court rules on the motion, the documents shall be treated as Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar as originally designated.

16. **Modification of this Protective Order**. This Protective Order shall not prevent a Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional Protective Orders, or from agreeing to modifications of this Protective Order by written stipulation of the Parties.

17. **Copy of Protective Order Must Be Served with any Subpoena**. After this Protective Order is entered by the Court, a copy of this Protective Order shall be included with the subpoena when serving any subpoena in this Litigation on a non-party to this Litigation. Non-parties may invoke the protection of this Protective Order in response to subpoenas served on those non-parties in connection with this litigation. All Material of any non-party shall be protected hereunder in the same manner as the Material of the parties to this lawsuit as long as the non-party agrees to be bound by this Protective Order and any subsequent amendments.

18. **Third Party Requests for Confidential, Highly Confidential, or Highly Confidential – Prosecution Bar Materials**. If any person receiving Material covered by this Protective Order is subpoenaed in another action or proceeding, served with a document demand, or otherwise requested to provide Material covered by this Protective Order, and such subpoena,

document demand, or request seeks Material which was produced or designated as Confidential Material, Highly Confidential Material, or Highly Confidential – Prosecution Bar Material by any Producing Party, the person receiving the subpoena, document demand, or request shall (i) promptly notify counsel for the Designating Party of the subpoena, document demand, or request, and (ii) not produce the information until the Designating Party has had five business days after notice, to object or take other appropriate steps to protect the information.

19. **Court Retains Jurisdiction**. This Protective Order shall survive the termination of this Litigation. This Court expressly retains jurisdiction over the action for enforcement of the provisions of this Protective Order following the final resolution of this Litigation.

20. **Return or Destruction of Confidential, Highly Confidential Material, or Highly Confidential – Prosecution Bar Material**. Within sixty (60) days of the termination of this action, including all appeals, all Confidential Material, Highly Confidential Material, and Highly Confidential – Prosecution Bar Material supplied by any Producing Party, and any copies thereof, shall be returned to the Producing Party or shall be destroyed and their destruction certified. Notwithstanding these provisions, outside counsel may retain one set of pleadings, deposition transcripts, expert reports, correspondence and attorney and consultant work product (but not document productions) for archival purposes.

21. **Parties May Use Their Own Material**. Nothing in this Protective Order shall affect a Party's use or disclosure of its own documents in any way. A Party seeking to use its own Highly Confidential – Prosecution Bar Material in a deposition shall provide the other Party with notice at least one (1) business day prior to the start of the deposition.

22. **Privilege Logs.** Documents or communications created or taking place after the filing of the Complaint that are subject to a claim of attorney-client privilege, work product protection, or any other privilege or immunity need not be included on a privilege log.

23. **Expert Communications and Drafts.** Communications and exchanges between counsel and testifying expert witnesses, including without limitation those made in preparing drafts of expert reports, are not discoverable unless the expert relies on any such communication in forming his or her final report, trial or deposition testimony or any opinion offered in this litigation. In addition, draft expert reports are not discoverable. Communications and exchanges between counsel and non-testifying expert witnesses are not discoverable.

24. **Scope of Order.** This Protective Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

SO ORDERED.

Signed: April 14, 2014

_____
David C. Keesler
United States Magistrate Judge

Agreed:

| | |
|---|---|
| Dated:  April 14, 2014 | Respectfully submitted, |

| | |
|---|---|
| NOVA WILDCAT ASHLAND, LLC d/b/a ASHLAND, LLC | TRUTH HARDWARE CORPORATION |
| By Counsel | By Counsel |
| *s/ Derek H. Swanson* | *s/ Eric H. Chadwick* |
| David E. Finkelson (admitted *pro hac vice*) | Eric H. Chadwick (admitted *pro hac vice*) |
| Derek H. Swanson (admitted *pro hac vice*) | Patterson Thuente Pedersen, P.A. |
| MCGUIREWOODS LLP | 4800 IDS Center |
| One James Center | 80 South 8th Street |
| 901 East Cary Street | Minneapolis, MN 55402 |
| Richmond, VA 23219 | 612-349-5740 |
| Tel: 804.775.1157 | Fax: 612-349-9266 |
| Fax: 804.225.5377 | *chadwick@ptslaw.com* |
| *dfinkelson@mcguirewoods.com* | |
| *dswanson@mcguirewoods.com* | Bradley J. Thorson, P.E. (admitted *pro hac vice*) |
| | Patterson Thuente Pedersen, P.A. |
| Douglas W. Ey, Jr. (NCSB No. 8752) | 4800 IDS Center, |
| Robert A. Muckenfuss (NCSB No. 28218) | 80 South 8th Street |
| MCGUIREWOODS LLP | Minneapolis, MN 55402-2100 |
| 201 North Tryon St., Suite 3000 | 612-349-5740 |
| Charlotte, NC  28202 | Fax: 612-349-9266 |
| Tel: 704.343.2000 | *thorson@ptslaw.com* |
| Fax: 704.343.2300 | |
| *dey@mcguirewoods.com* | Lex M. Erwin |
| *rmuckenfuss@mcguirewoods.com* | Erwin, Bishop, Capitano & Moss, P.A. |
| | 4521 Sharon Rd., Suite 350 |
| *Counsel for Plaintiff Nova Wildcat Ashland, LLC d/b/a Ashland, LLC* | Charlotte, NC 28211 |
| | 704-716-1200 |
| | Fax: 704-716-1201 |
| | *lerwin@ebcmlaw.com* |
| | |
| | *Counsel for Defendant Truth Hardware Corporation* |

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| **NOVA WILDCAT ASHLAND, LLC** <br> **d/b/a ASHLAND, LLC,** <br><br> **Plaintiff,** <br><br> v. <br><br> **TRUTH HARDWARE CORPORATION,** <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 3:11-cv-525-RJC-DCK <br> ) <br> ) <br> ) <br> ) |

## EXHIBIT 1 – ACKNOWLEDGEMENT OF TERMS OF THE PROTECTIVE ORDER

I hereby certify my understanding that Material designated "Confidential" or "Highly Confidential" is being provided to me pursuant to the terms and restrictions of the Protective Order entered in these actions by the United States District Court for the Western District of North Carolina on _____, \_\_\_\_\_ (the "Protective Order"). I have read and understand the terms of the Protective Order, I agree to by fully bound by them, and I hereby submit to the jurisdiction of the United States District Court for the Western District of North Carolina for the purposes of enforcement of the Protective Order.

Dated: _____     Signature: _____

                                                                              Name: _____